# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **P.C.**

**No. 17-0647** (Cabell County 16-JA-124)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.R., by counsel Abraham J. Saad, appeals the Circuit Court of Cabell County's June 23, 2017, order terminating her parental and custodial rights to P.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison K. Huson, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition against petitioner and the fathers of her children that alleged the home was in an unacceptable condition and that petitioner engaged in domestic violence with one of the fathers in the children's presence.[2] According to the initial petition, the children confirmed the domestic violence issues. Further, the DHHR alleged that, even after having received services to address the issues in the home,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The child that is the subject of this appeal, P.C., was not born at this time. In regard to the children that were the subject of the DHHR's initial petition, the proceedings moved forward until such time as the circuit court proceeded to disposition as to the older children in July of 2016. According to the parties, petitioner's parental rights to the older children were terminated at that time upon findings that she failed to (1) maintain stable and sufficient housing; (2) maintain consistent employment; (3) obtain psychiatric treatment and mental health counseling in a timely manner; (4) consistently attend domestic violence counseling; (5) make requisite changes in her parenting; and (6) distance herself from one of the children's fathers. Petitioner did not appeal the dispositional order that terminated her parental rights to the older children. As such, they are not the subject of this appeal.

1

another domestic violence incident occurred in the presence of a service provider and the guardian. The petition made additional allegations of abuse and neglect in the home.

In April of 2016, as the proceedings on the initial petition continued, petitioner gave birth to P.C., the child that is the subject of this appeal. That same month, the DHHR filed an amended petition that included child P.C. and alleged that petitioner had not remedied the conditions of abuse and neglect that necessitated the filing of the initial petition. In September of 2016, the circuit court adjudicated petitioner due to her neglect of P.C. The circuit court further granted petitioner an improvement period.

During a review hearing in March of 2017, the circuit court heard evidence that petitioner had continued contact with one of the fathers against prior orders and that she attempted to file a petition for a domestic violence protective order against him. The circuit court continued the improvement period. Thereafter, during a multidisciplinary team ("MDT") meeting, it was determined that the individual with whom petitioner was currently in a relationship had a history of domestic violence.

In June of 2017, the circuit court held a dispositional hearing, during which it found that petitioner's gravitation toward violent and inappropriate partners continued, despite extensive services to remedy this issue, including individualized parenting education, a domestic violence victim's program, and individualized counseling. As such, the circuit court found there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated her parental and custodial rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

_____

[3]The parents' parental rights to the child were terminated below. According to the guardian, the child is placed with her maternal great-aunt with a permanency plan of adoption by that relative.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future because she complied with the services offered, including parenting and adult life skills education and counseling for domestic violence. Petitioner further argues that she was able to obtain employment and stable housing. Finally, she argues that there were no allegations of substance abuse made against her. We find, however, that the circuit court did not err in its findings.

In determining that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, the circuit court heard extensive evidence about her continued association with inappropriate individuals. According to the record, petitioner continued her relationship with the father of P.C., despite the parties' repeated confrontations about the inappropriateness of this relationship due to past instances of domestic violence. The record further shows that petitioner lied about contact with P.C.'s father in an attempt to conceal the same. The evidence also established that petitioner renewed her relationship with one of the other fathers during the proceedings, despite the fact that they also had a history of domestic violence incidents and that the father had a substance abuse problem and criminal history. Even more concerning, petitioner began a relationship with another individual, J.A., who also had a history of domestic violence. Following an MDT meeting wherein she was informed that this relationship was inappropriate, petitioner not only continued the relationship but became engaged to J.A. Finally, despite knowing that a service provider was monitoring her social media activity, petitioner had contact with inappropriate individuals online.

While it is true that petitioner was compliant with certain aspects of her improvement period, it is clear that she failed to remedy the conditions of abuse and neglect sufficient to have the child returned to her care. "In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Here, the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future because of her inability to implement the skills taught through the services offered, as evidenced by her continued association with inappropriate individuals.

According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial

diminution of conditions which threatened the health, welfare or life of the child[.]

As set forth above, substantial evidence established that petitioner failed to respond to the reasonable family case plan, despite her participation in services. Based upon her failure to recognize that her continued association with inappropriate individuals threatened the child's safety and wellbeing, we find no error in the circuit court's finding in this regard. Moreover, the circuit court made findings addressing how termination of petitioner's parental rights served the child's best interests, including the fact that the child required stability. As such, it is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental and custodial rights upon such findings.

> We have also held that
>
> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604]. . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the record is clear that the circuit court had ample evidence upon which to base its findings, we find no error in the termination of petitioners' parental and custodial rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 23, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman

**DISSENTING:**

Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4